UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-23829-CIV-COHN-SELTZER

TOM HUBBERT, LINDA HUBBERT,
BILLY RAY KIDWELL, TANA KIDWELL,
HANNAH KIDWELL

    *Plaintiffs*,

vs.

CARNIVAL CORPORATION

    *Defendant*.

_____/

**DEFENDANT'S MOTION TO COMPEL
DISCOVERY FROM PLAINTIFFS**

Defendant, Carnival Corporation ("Carnival"), respectfully requests this Court to enter an Order compelling the Plaintiffs to serve their responses to Initial Interrogatories and First Request for Production pursuant to Federal Rules of Civil Procedure 26 and 37 and states as follows:

**I.   The Plaintiffs[1] Have Never Given Any Indication that They Will File Discovery Responses**

Carnival served the Initial Interrogatories and First Request for Production on all Plaintiffs on January 16, 2013. *See* Composite Exhibit "A" attached hereto. On January 21, 2013, Plaintiff Billy Ray Kidwell, objected to the discovery "on behalf of" the other *pro se*

---

[1] The minor Plaintiff, Hannah Kidwell, was already dismissed without prejudice from this litigation. [DE 50]. Carnival has also requested that the Plaintiffs, Tom Hubbert and Linda Hubbert, be stricken as Plaintiffs for their failure to sign the First Amended Complaint in derogation of Federal Rule 11(a), despite repeated requests from Carnival that they do so. [DE 48].

Plaintiffs[2] and as grounds argued that Carnival had entered into a settlement with the *pro se* Plaintiffs and objected to a scheduling conference. [DE 44]. This Court denied Kidwell's Objection and ruled that Carnival is entitled to discovery pursuant to the Scheduling Order entered in this case, setting the fact discovery deadline as March 29, 2013. [DE 26]. On the same date, the undersigned sent Kidwell an email requesting whether he intended to file discovery responses and received no reply. *See* email from C. MacIvor to Kidwell dated January 25, 2013 attached hereto as Exhibit "B." The Plaintiffs' responses to discovery were due on February 19, 2013. To date no response has been filed by any named Plaintiff. On February 21, 2013, the undersigned sent letters to the named Plaintiffs again asking if they had any intent on filing responses to the discovery propounded by Carnival that are attached hereto as Composite Exhibit "A." See letters attached hereto as Composite Exhibit "C." The Plaintiffs have failed to respond to both the discovery and the letters to the Plaintiffs as of the date of the filing of this Motion.

**II.    Carnival requests that the Plaintiffs be compelled to respond to discovery on an expedited basis**

Pursuant to Rule 37(a)(3)(B), a party seeking discovery may move for an order compelling same where, as here, the party from whom the discovery is sought has failed to respond. Fed. R. Civ. P. 37(a)(3)(B). The Plaintiffs brought this case and are seeking damages

---

[2] Kidwell continues to file court documents on behalf of all Plaintiffs and has been the sole Plaintiff to appear for every telephone conference in this case when (1) Plaintiffs, Tom and Linda Hubbert, have never signed the operative pleading despite requests that they do so in compliance with Rule 11(a) and a pending Motion to Strike them as Plaintiffs for having failed to do so [DE 48]; (2) the Hubberts have not signed the various other documents filed by Kidwell, which they are required to do under Rule 11(a) nor has Tana Kidwell signed a substantial number of same [DE 28, 36, 42-44, 52, 55, 61-62, 68-72, 74-76]; and (3) filing court documents on behalf of other named *pro se* parties by another unlicensed *pro se* party constitutes the unlicensed practice of law in Florida. [DE 70 p. 3 ("Plaintiff, Billy Ray Kidwell, hereby certifies that he has served a true and correct copy of the attached on all parties, on behalf of himself, and his family…."]; s*ee State ex rel. The Florida Bar v. Sperry,* 140 So. 2d 587, 591 (1962)("It is generally understood that the performance of services in representing another before the courts is the practice of law. But the practice of law also includes the giving of legal advice and counsel to others as to their rights and obligations under the law and the preparation of legal instruments, including contracts, by which legal rights are either obtained, secured or given away, although such matters may not then or ever be the subject of

2

for purported injuries they claim to have sustained when they were passengers on the Carnival *Legend*. [DE 5]. Carnival has only sought basic discovery from the Plaintiffs in order to prepare for trial. For example, Carnival needs to obtain the Plaintiffs' medical records for all of the Plaintiffs in order to assess any possible liability and damages. At this juncture, because the Plaintiffs have unilaterally refused to respond to Carnival's basic discovery requests, it is highly unlikely that Carnival will have the opportunity to obtain the information in time to draft and obtain medical releases from the Plaintiffs so that Carnival may obtain their medical records prior to the March 29, 2013 fact discovery deadline. For this reason, Carnival respectfully requests that this Court grant the motion to compel and order the Plaintiffs to expedite discovery in this case so that Carnival will not be forced to seek an extension of the discovery deadline because the Plaintiffs have refused to comply with the Court's rules. In addition to an order compelling the discovery responses on an expedited basis, Carnival further requests that the Court award expenses in having to prepare and file this motion, including reasonable attorney's fees. Fed. R. Civ. P. 37(a)(5)(A)("If the motion is granted – or if the … requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party…whose conduct necessitated the motion…to pay the reasonable expenses incurred in making the motion, including attorney's fees").

**III.   Conclusion**

For all of the reasons set forth above, Carnival respectfully requests this Court to enter an Order compelling the Plaintiffs to provide responses to Carnival's discovery responses, which are attached to this Motion as Composite Exhibit "A" within five (5) days of the date of the

---

proceedings in a court."); *see e.g., The Florida Bar v. Mills,* 410 So. 2d 498 (Fla. 1982) (a non-lawyer may not give an inmate legal advice, draft pleadings for the inmate or represent the inmate in court).

CASE NO. 12-23829-CIV-COHN-SELTZER

Order compelling discovery and to award Carnival the costs and expenses necessitated in filing the Motion, including reasonable attorney fees.

Dated: March 6, 2013
　　　　Miami, Florida

　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　FOREMAN FRIEDMAN, PA

　　　　　　　　　　　　　　　　　　By: /s/*Catherine J. MacIvor*
　　　　　　　　　　　　　　　　　　　　　Catherine J. MacIvor
　　　　　　　　　　　　　　　　　　　　　Florida Bar No.: 932711
　　　　　　　　　　　　　　　　　　　　　cmacivor@fflegal.com
　　　　　　　　　　　　　　　　　　　　　Jeffrey E. Foreman
　　　　　　　　　　　　　　　　　　　　　Florida Bar No.: 240310
　　　　　　　　　　　　　　　　　　　　　jforeman@fflegal.com
　　　　　　　　　　　　　　　　　　　　　Naveen Z. Paul
　　　　　　　　　　　　　　　　　　　　　Florida Bar No.: 98059
　　　　　　　　　　　　　　　　　　　　　npaul@fflegal.com
　　　　　　　　　　　　　　　　　　　　　2 South Biscayne Boulevard
　　　　　　　　　　　　　　　　　　　　　Miami, Florida　33131
　　　　　　　　　　　　　　　　　　　　　Tel.: 305-358-6555/ Fax 305-374-9077
　　　　　　　　　　　　　　　　　　　　　*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

　　　I HEREBY CERTIFY that on March 6, 2013 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via US Regular Mail.

　　　　　　　　　　　　　　　　　　　　　*/s/ Catherine J. MacIvor*
　　　　　　　　　　　　　　　　　　　　　Catherine J. MacIvor

CASE NO. 12-23829-CIV-COHN-SELTZER

**SERVICE LIST**
**Case No. 12-23829-CIV-Judge Cohn/Magistrate Judge Seltzer**

Tom Hubbert
121 Brownhill Lane
Ringgold, GA 30736
*Pro Se*

Linda Hubbert
121 Brownhill Lane
Ringgold, GA 30736
*Pro Se*

Billy Ray Kidwell
kidwell18@comcast.net
5064 Silver Bell Drive
Port Charlotte, FL  33948
*Pro Se*

Tana Kidwell
5064 Silver Bell Drive
Port Charlotte, FL  33948
*Pro Se*

Jeffrey E. Foreman
jforeman@fflegal.com
Catherine J. MacIvor
cmacivor@fflegal.com
Naveen Z. Paul
npaul@fflegal.com
Foreman Friedman, PA
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL  33131
Phone:  305-358-6555
Fax:  305-374-9077
*Attorneys for Defendant*

5